CLAUDIO L. LLOREDA, Petitioner and Appellant, *v.* PEDRO MANZANO-AVIÑÓ, Judge of the Municipal Court of San Juan, Defendant and Appellee. — COMMERCIAL CREDIT COMPANY, Intervenor. and Appellee.

No. 4197—Argued March 24, 1927.—Decided July 12, 1927.

Angel A. *Vázquez* for the appellant. *Francisco Soto Gras* for the intervenor-appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

The petitioner appealed from a judgment of the trial court which dismissed the petition in certiorari for reviewing certain orders of the Second Municipal Court of San Juan issued in a conditional sale proceeding.

The petitioner had bought an automobile from the firm of Zorrilla, Saenz & Company. Of the purchase price agreed on he still owed a certain sum which he was to pay in equal instalments, the first falling due on November 19, 1925. The sale was in the nature of a conditional sale, in accordance with Act No. 61 of 1916, as amended by Act No. 40 of June 27, 1925. Later the debt was assigned to the Commercial Credit Company which was subrogated to the rights of the vendor.

The petitioner failed to pay some of the instalments, amounting to $119.86. The assignee corporation took the matter to the municipal court and, following the procedure established by the Conditional Sales Act, pleaded a breach of the contract of sale and moved that the interested parties be summoned to a hearing and that the marshal be ordered

to seize the automobile and deliver it to the Commercial Credit Company.

The purchaser failed to appear at the hearing granted and the court, on December 8, 1926, sustained that motion. The marshal, however, was unable to execute the order of the court because the automobile was not in the possession of the purchaser. In the meantime the purchaser offered the marshal the aforesaid sum of $119.86 so as to comply with the condition of the contract, thus making unnecessary the execution of the order.

The marshal refused to accept the money on the ground that the order of the court did not authorize him to do so, whereupon, after depositing the sum of $119.86 in the other municipal court, the purchaser, on December 16, 1926, moved the second municipal court that by reason of the deposit made by him the proceedings for the seizure and return of the automobile to the assignee corporation be dismissed. It does not appear that this motion was ruled on by the municipal court, and on December 23, 1926, the Commercial Credit Company, alleging that the marshal returned the order with the statement that he had been unable to find the automobile and that having exact information of the place where it could be found, moved that the marshal be ordered to deliver it. On December 24, 1926, the court sustained that motion. On December 29, 1926, the purchaser again appeared before the second municipal court and, insisting that he had made the payment by means of the deposit and in having offered to pay the assignee the expenses of the proceeding amounting to $3.25, moved for the delivery of the automobile. The second municipal court finally, on January 4, 1927, overruled the motion. In order to have these rulings reviewed the purchaser took the matter to the district court by certiorari proceedings and the court dismissed the petition, holding that although the sum of $119.86 deposited by the purchaser covered the total of the deferred

payments, it did not cover the expense caused by the retaking and keeping of the automobile, including therein the expenses and attorney's fees incurred by the Commercial Credit Company before the municipal court in order to retake the automobile from the possession of the purchaser.

In the contract between the parties there is a clause reading as follows:

"If the vendors or their successors should take possession of the vehicle in accordance with the foregoing paragraph of the contract, the said vendors or their successors shall leave the said vehicle for a period of thirty days at the disposal of the purchaser, during which time the purchaser may recover it by paying the total amount of all the instalments still due, plus the expenses caused by the retaking and keeping of the said vehicle."

This agreement of the parties regarding the retention by the vendor of the vehicle for a period of thirty days, during which the purchaser or his assignee might comply with the terms of the contract and then receive the property, is provided for in section 6 of the Conditional Sales Act. Moreover, provision is made in that section for the procedure to be followed to enable the vendor to regain possession of movable property or chattels on breach of the conditions of the contract by the purchaser, being authorized to retain it for the period of thirty days. The vendor followed that procedure. The purchaser did not appear at the hearing set by the second municipal court and the court ordered the delivery of the vehicle to the purchaser, subject to the other provisions of the law. The order of the court could not be executed because the automobile was not found in the possession of the purchaser, and some days later the deposit was made of $119.86 of the deferred payments whose nonpayment brought about the proceedings in this case. However, that sum did not include the expenses referred to in the agreement. And the appellant is not correct in alleging that as the order of the court had not been executed there had been no expenses. The last paragraph of section 6 of

the act cited reads: "Upon receipt by the marshal of the court of the aforesaid affidavit, he shall collect three (3) dollars as fees which shall be paid by means of revenue stamps attached to and canceled on said document, said sum to cover also the recording of the case in the office of the secretary of the court." Moreover, according to the contract the deferred payments drew interest at 12 percent annually and the amount of the interest due on the date of the deposit was not included. Under such circumstances the deposit did not free the purchaser from his obligation and the municipal court was right in ordering the delivery of the vehicle to the vendor. Later, or on December 29, 1925, the purchaser insisted again on the strength of the deposit and his offer to pay three dollars as costs, that the proceedings for the retaking be dismissed and the automobile be delivered to him, but at that time several days had elapsed since the automobile had been in the possession of the vendor and it does not appear that an offer was made to reimburse the expenses of warehousing and the interest due.

It is well to explain that although the trial court includes attorney's fees among the expenses to be paid by the purchaser, that obligation is not provided for either by law or by the agreement.

For the foregoing reasons the judgment appealed from must be affirmed.